# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Jose Cesar Camacho,<br><br>    Petitioner<br><br>    v.<br><br>Joseph Michael Lombardo, *et al.*<br><br>    Respondents. | Case No. 2:18-cv-02085-GMN-GWF<br><br>Order |

This *pro se* habeas petition, under 28 U.S.C. § 2241, was filed by Jose Cesar Camacho in the United States District Court for the Northern District of California on October 24, 2018, and was transferred to this Court on October 29, 2018 (ECF Nos. 1, 2). The petition is before this Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

It appears from the petition and the exhibits filed with it that Camacho is a pretrial detainee at the Clark County Detention Center in Las Vegas. Therefore, his petition is properly filed under 28 U.S.C. § 2241. However, Camacho's petition was not drafted using the form provided by this Court as required by Local Rule LR 3-1. The Court will require Camacho to file an amended petition using the correct form.

Camacho's petition was apparently drafted and signed by John L. Gavello, who describes himself as a licensed California investigator and friend of Camacho. *See* Petition for Writ of Habeas Corpus (ECF No. 1), p. 1. Gavello does not claim to be an attorney. Camacho's amended petition must be signed by Camacho, or by an attorney with authority to represent him in this Court.

1

Moreover, it appears that Camacho's petition is wholly unexhausted in state court, is barred by the abstention doctrine represented by *Younger v. Harris*, 401 U.S. 37 (1971), and is subject to dismissal without prejudice on those grounds. The Court will require Camacho to show cause in writing why this action should not be dismissed without prejudice on one or both of those grounds.

A state criminal defendant seeking to restrain pending state proceedings by means of a federal petition for writ of habeas corpus must first exhaust available state court remedies before presenting his claims in the federal court. This exhaustion rule, applicable to requests for federal court intervention in pending state criminal proceedings, is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in 28 U.S.C. § 2254(b)(1). *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-92 (1973); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). To satisfy the exhaustion requirement regarding a claim, the claim must have been fairly presented to the state courts completely through to the highest state court available. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee he believes has been violated, and he must state the facts that he claims entitle him to relief on the federal constitutional claim. *See, e.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, the petitioner must present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

While it appears from Camacho's petition, and the exhibits he filed with it, that he may have filed a petition for writ of habeas corpus and a mandamus petition in state

court, there is no indication that those proceedings have been completed, and, at any rate, it is unclear whether Camacho pursued, in those state-court proceedings, the same federal constitutional claims that he pursues in this case. Thus, it appears that Camacho's claims in this case are unexhausted in state court. Accordingly, Camacho must show cause why this action should not be dismissed because of his failure to exhaust any of his claims in state court.

Turning to the issue of *Younger* abstention, even when claims in a federal habeas petition have been fully exhausted in state court, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*, 626 F.2d at 83-85. This rule of restraint, grounded on principles of comity, stems from the Supreme Court's decision in *Younger*. Under the rule, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances. Camacho must show cause why this action should not be dismissed without prejudice under the *Younger* abstention doctrine.

**IT IS THEREFORE ORDERED** that the petitioner must, within 45 days from the date of this order, file an amended petition for writ of habeas corpus on the form provided by the Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send the petitioner, along with this order, two copies of the form for a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Form AO 242), and one copy of his original petition in this case (ECF No. 1).

**IT IS FURTHER ORDERED** that the petitioner must clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241" on page 1 of the form, and shall place the case number for this case (2:18-cv-02085-GMN-GWF) in the space to the right of the caption on the first page of the form. Under LR 15-1, the

amended petition must be complete without reference to any previously filed papers, including the original petition in this case.

**IT IS FURTHER ORDERED** that, within 45 days from the date of this order, the petitioner must file a separate document entitled "Response to Order to Show Cause" showing cause: (a) why this action should not be dismissed without prejudice because of the petitioner's failure to exhaust his claims in state court, and (b) why this action should not be dismissed without prejudice under the *Younger* abstention doctrine. The petitioner's showing must be factually detailed, and must, where possible, be supported by exhibits.

**IT IS FURTHER ORDERED** that, if the petitioner does not timely and fully respond to this order, by filing an amended petition and a response to the order to show cause as required, this action will be dismissed without prejudice.

DATED THIS 1 day of November, 2018.

_____
GLORIA M. NAVARRO,
CHIEF UNITED STATES DISTRICT JUDGE